1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8
9   Fox Salerno,                          )    No. CV 05-0976-PHX-ROS
                                          )
10           Petitioner,                  )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Dora Schriro, et al.,                 )
13                                        )
             Respondent.                  )
14                                        )
                                          )
15  _____  )

16      Pending before the Court is Magistrate Judge Lawrence O. Anderson's Report and
17  Recommendation ("R&R") filed on  July 18, 2005.  (Doc. # 21).  Judge Anderson
18  recommends that the Court deny Plaintiff Fox Salerno's Motion for Bail, which was filed on
19  July 11, 2005 pursuant to 28 U.S.C. § 2254. (Doc.# 19).  Petitioner filed no objections. For
20  the reasons set forth below, the Court will adopt the R&R and deny  Petitioner's Motion for
21  Bail.

22  **I. STANDARD OF REVIEW**

23      Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636, a "district judge may refer
24  dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who
25  shall conduct appropriate proceedings and recommend dispositions."  Thomas v. Arn,
26  474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor,
27  6 F.3d 656, 658 (9th Cir. 1993).  Any party who disagrees with the magistrate's
28  recommendations "may serve and file written objections." 28 U.S.C. § 636(b)(1). "A judge

1  of the court shall make a de novo determination of those portions of the report or specified

2  findings or recommendations to which objection is made." Id. "[P]arties who do not object

3  to a magistrate's report waive their right to challenge the magistrate's factual findings but

4  retain their right to appeal the magistrate's conclusions of law." Baxter v. Sullivan, 923 F.2d

5  1391, 1394 (9th Cir. 1991); see Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000)

6  ("Failure to object to a magistrate judge's recommendation waives all objections to the

7  judge's findings of fact."); Thomas, 474 U.S. at 149 ("[Section 636(b)(1)] does not . . .

8  require any review at all . . . of any issue that is not the subject of an objection."); see also

9  Fed. R. Civ. P. 72(b). A district judge "may accept, reject, or modify, in whole or in part, the

10  findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); see Fed. R.

11  Civ. P. 72(b). Finally, the decision of whether to issue a separate written opinion is entirely

12  within the district court's discretion. See Boniface v. Carlson, 881 F.2d 669, 672 (9th Cir.

13  1989) (affirming Arizona district court's decision to adopt magistrate's R&R without written

14  opinion and stating: "Petitioner's . . . claim that the district court erred in adopting the

15  magistrate's [R&R] without a written opinion is without merit since the necessity of a

16  separate opinion is entirely within the discretion of the judge.").

17  **II. ANALYSIS**

18     Petitioner contends that he should be released from State custody because the State has

19  delayed in responding to his Writ of Habeas Corpus and that this delay has prejudiced him.

20     The applicable standard in the  Ninth  Circuit for bail in a habeas case is whether the

21  matter involves "special circumstances or a high probability of success." Land v. Deeds, 878

22  F.2d 318 (9th Cir. 1989)(holding that petitioner failed to demonstrate that he was entitled to

23  release). See also United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994)(finding that

24  petitioners failed to demonstrate extraordinary circumstances or a high probability of

25  success).

26     In applying this standard, Magistrate Judge Anderson found that Petitioner had not

27  established either special circumstances or a high probability of success. See Mett, 41 F.3d

28

1  for Extension of Time to file an Answer on June 14, 2005. (Doc. #14, Doc. #17).  The Court

2  granted a second motion for extension of time on August 9, 2005. (Doc. #18, Doc. 23).  The

3  Court agrees with Magistrate Judge Anderson's finding that these requests were reasonable

4  and did not prejudice Petitioner in any manner.

5      Because Petitioner has not established a high probability of success or the existence of

6  special circumstances, the Motion for Bail fails to meet the required legal standard.  As a

7  result, the Court adopts Magistrate Judge's R&R that the Motion for Bail be denied.

8      Accordingly,

9      IT IS ORDERED that Magistrate Judge Anderson's R&R to deny Petitioner's Motion For

10  Bail be ADOPTED (Doc. #21).

11      IT IS FURTHER ORDERED that Petitioner's Motion For Bail be DENIED (Doc. #19).

12

13  Dated this 24 day of January, 2006.

14

15

16

17                                    Roslyn O. Silver
                             United States District Judge

18

19

20

21

22

23

24

25

26

27

28