1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Fox Salerno,                        )   No. CV-05-976-PHX-ROS (LOA)
                                        )
10                 Petitioner,          )   **REPORT AND RECOMMENDATION**
                                        )
11  vs.                                 )
                                        )
12  Dora B. Schriro, et al.,            )
                                        )
13                 Respondents.         )
    _____)

14

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in

    State Custody Pursuant to 28 U.S.C. §2254.  (docket # 1)  Respondents filed an Answer to the
16
    Petition (docket # 22, # 24) to which Petitioner has replied.  (docket # 30) Petitioner has also
17
    filed several supplements to this Reply.  (dockets # 47- # 49)
18
                      **FACTUAL AND PROCEDURAL BACKGROUND**
19
            On March 20, 2001, Petitioner, using the name "Mike Johnson," contacted Mark
20
    Aellig of Miller Store Fixtures and offered to sell him glass doors and shelving for refrigerated
21
    coolers. (Respondents' Exh. B, Tr. 9/17/01 at 9, 12-13) Thereafter, Aellig met Petitioner at two
22
    stores, a vacant Circle K and a vacant ABCO.  (Id. at 13-14) Petitioner had keys to both stores,
23
    and took Aellig inside to inspect the equipment.  (Id.)  Petitioner and Aellig eventually agreed
24
    on a price of $1,000 for the glass doors and shelving.  (Id. at 15) The next morning, Petitioner
25
    gave Aellig the store keys in exchange for a $1,000 check made out to Petitioner's roommate,
26
    Eduardo Valencia who allegedly owned the two stores.  (Id., Tr. 9/17/01 at 15-16) That same
27
    day Aellig sent workers to begin removing the equipment.  (Id.)
28

1    While workers were "midway through" at the Circle K, the property manager arrived

2    and stopped the work.  (Id. at 18) The workers immediately advised Aellig that there was a

3    problem and Aellig stopped payment on the check.  (Respondents' Exh. B at 19-20) Thereafter,

4    Phoenix police detective founds business cards for "Mike Johnson" in Petitioner's car.  (Id. at

5    36) They were the same as the business card that Petitioner had given Aellig.  (Respondents'

6    Exh. B, Tr. 9/17/01 at 32) The telephone number listed on the business card was the same

7    number that Petitioner has used when filing a stolen vehicle report with police the previous

8    month.  (Id. at 38)

9    Based on the foregoing events, on May 3, 2001, the State of Arizona charged

10   Petitioner with one count of fraudulent schemes and artifices, two counts of trafficking in stolen

11   property, and two counts of burglary.  (Respondents' Exh. A, item 1)  Aellig identified

12   Petitioner in a photographic lineup and at trial.  (Respondents' Exh. B, Tr. 9/17/01 at 9, 39-40)

13   A jury found Petitioner guilty as charged.  (Respondents' Exh. B at 106-110) The trial court[1]

14   held a hearing on the State's allegations of prior convictions, and concluded that Petitioner had

15   two historical prior felony convictions, both class 3 felonies, one involving fraudulent schemes

16   and artifices, and one involving theft.  (Respondents' Exh. B, Tr. 10/12/01 at 10-11, 23) The trial

17   court sentenced Petitioner to the presumptive term of 15.75 years imprisonment for each of the

18   first three counts, and the presumptive term of 10 years imprisonment on each of the last two

19   counts, with all sentences to run concurrently.  (Respondents' Exh. B, Tr. 1/14/02 at 18-20)

20   Petitioner was given credit for 254 days of presentence incarceration.  (Id. at 20)

21   On April 30, 2002, Petitioner filed a petition for post-conviction relief requesting

22   that the trial court permit him to file a delayed notice of appeal.  (Respondents' Exh. A, item 65)

23   The trial court granted the petition.  (Respondents' Exh. A, items 67, 68) In his opening brief

24   in the Arizona Court of Appeals, Petitioner raised a claim pursuant to Doyle v. Ohio, 426 U.S.

25   610 (1976) and argued insufficiency of the evidence regarding one of the elements of the

26

27   _____

28   [1]  The Honorable Arthur T. Anderson presided.

1   charged crime – that Petitioner received benefit as a result of his fraudulent scheme.
2   (Respondents' Exh. C)

3        On March 20, 2003, the Arizona Court of Appeals affirmed Petitioner's convictions
4   and sentences.  (Respondents' Exh. D) The Arizona Supreme Court denied Petitioner's petition
5   for review on September 29, 2003.  (Respondents' Exh. E)

6        In the meantime, on January 27, 2003, Petitioner filed a notice of post-conviction
7   relief, together with a petition for post-conviction relief.  (Respondents' Exh. F) On August 26,
8   2003, Petitioner filed a "supplemental petition for review," which the trial court considered a
9   pro se supplemental petition for post-conviction relief.  (Respondents' Exh. G) On November
10  5, 2003, the trial court denied Petitioner's petition and supplemental petition for post-conviction
11  relief.  (Respondents' Exh. H)   On December 2, 2003, Petitioner petitioned the Arizona Court
12  of Appeals for review.  (Respondents' Exh. I)   On January 28, 2005, the appellate court denied
13  review.  (Respondents' Exh. J) Petitioner did not seek review in the Arizona Supreme Court.

14       On July 2, 2004, Petitioner filed a second notice of post-conviction relief challenging
15  his sentence under Blakely v. Washington, 542 U.S. 961 (2004). (docket # 30, Exh. L) On July
16  29, 2004, the trial court denied the petition as untimely and further found that Blakely did not
17  apply retroactively to Petitioner's case which was final.  (Id.)   On August 23, 2004, the trial
18  court denied rehearing and on July 12, 2005, the Court of Appeals denied review.  (Id.)

19       On April 1, 2005, Petitioner filed the pending § 2254 petition raising the following
20  claims:

21       1A: The prosecutor violated due process by eliciting testimony regarding Petitioner's
    post-arrest silence and by commenting thereon during closing argument.
22

23       1B: The jury considered the comments on Petitioner's post-arrest silence.

24       2A: There was insufficient evidence to support a conviction for fraudulent
    schemes and artifices.

25       2B: There was insufficient evidence to support a conviction for trafficking in
    stolen property.
26

27       3A: The prosecutor introduced evidence obtained pursuant to an illegal search
    and seizure.

28       3B: Detective Mitchell planted evidence at Petitioner's house.

4: Detective Mitchell committed perjury during Grand Jury proceedings and at trial.

5: The prosecution withheld exculpatory evidence.

6A: Petitioner received ineffective assistance of trial counsel; (B) appellate counsel; and (C) post-conviction counsel.

7: Petitioner's sentence is unconstitutional.

8: The Indictment was defective.

9: Newly discovered evidence establishes that Petitioner was out of state when the crime was committed.

(docket # 1 at 20-75)  Petitioner subsequently filed a third notice of post-conviction relief on May 10, 2005 alleging ineffective assistance of post-conviction counsel.  (docket # 30, Exh. J) On May 27, 2005, the trial court denied relief on procedural grounds explaining that a claim of ineffective assistance of post-conviction counsel is not cognizable in collateral Rule 32 proceedings.  (Id.)

## ANALYSIS

### I. Timeliness

Respondents concede that Petitioner's § 2254 petition is timely under 28 U.S.C. § 2244(d)(1).  The Court, therefore, will not address this issue.

### II. Exhaustion and Procedural Default

Respondents assert that several of Petitioner's claims are procedurally defaulted. The Court, therefore, will discuss the law relevant to this issue.

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state court, every claim raised in his petition.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner.  Castille v. Peoples, 489 U.S. 346, 349 (1989); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the

1    necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state

2    court . . . thereby alerting the court to the federal nature of the claim.").

3       It is not enough that all of the facts necessary to support the federal claim were

4    before the state court or that a "somewhat similar" state law claim was raised. <u>Reese</u>, 541 U.S.

5    at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to

6    federal nature of the claim). Rather, the habeas petitioner must cite in state court to the specific

7    constitutional guarantee upon which he bases his claim in federal court. <u>Tamalini v. Stewart</u>,

8    249 F.3d 895, 898 (9th Cir. 2001). Similarly, general appeals to broad constitutional principles,

9    such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair

10   presentation of a federal constitutional claim. <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.

11   2000), <u>amended on other grounds</u>, 247 F.3d 904 (9th Cir. 2001); <u>Shumway v. Payne</u>, 223 F.3d

12   982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a

13   constitutional guarantee," such as a naked reference to "due process," or to a "constitutional

14   error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States"

15   does not preserve a claim. <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996). Even if the basis

16   of a federal claim is "self-evident" or if the claim would be decided "on the same

17   considerations" under state or federal law, the petitioner must make the federal nature of the

18   claim "explicit either by citing federal law or the decision of the federal courts . . . ." <u>Lyons</u>,

19   232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court

20   must read beyond the petition or brief filed in that court to discover the federal claim. <u>Baldwin</u>,

21   541 U.S. at 27.

22      Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally

23   appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of

24   exhaustion is often referred to as "procedural default" or "procedural bar." <u>Ylst v. Nunnemaker</u>,

25   501 U.S. 797, 802-05 (1991); <u>Coleman</u>, 501 U.S. at 731-32. There are two categories of

26   procedural default.

27      First, a state court may have applied a procedural bar when the prisoner attempted

28   to raise the claim in state court. <u>Nummemaker</u>, 501 U.S. at 802-05. If the state court also

1    addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the

2    independent state procedural bar.  Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Carringer v.

3    Lewis, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of

4    counsel claims "barred under state law," but also discussed and rejected the claims on the

5    merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and

6    the claims were procedurally defaulted and barred from federal review).   A higher court's

7    subsequent summary denial of review affirms the lower court's application of a procedural bar.

8    Nunnemaker, 501 U.S. at 803.

9              Second, the state prisoner may not have presented the claim to the state courts, but

10   pursuant to the state courts' procedural rules, a return to state court would be "futile."  Teague

11   v. Lane, 489 U.S. 288, 297-99 (1989).  Generally, any claim not previously presented to the

12   Arizona courts is procedurally barred from federal review because any attempt to return to state

13   court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1,

14   32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319,

15   322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for

16   claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R.

17   Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's

18   decision).  A state post-conviction action is futile where it is time barred.  Beaty, 303 F.3d at

19   987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under

20   Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction

21   relief, distinct from preclusion under Rule 32.2(a)).

22             In either case of procedural default, federal review of the claim is barred absent a

23   showing of "cause and prejudice" or a "fundamental miscarriage of justice."  Dretke v. Haley,

24   541 U.S. 386, 393-94, (2004); Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish cause,

25   a petitioner must establish that some objective factor external to the defense impeded her efforts

26   to comply with the state's procedural rules.  Id.  The following objective factors may constitute

27   cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim

28   was not reasonably available, or (3) constitutionally ineffective assistance of counsel.  Id.  To

1   establish prejudice, a prisoner must demonstrate that the alleged constitutional violation
2   "worked to his actual and substantial disadvantage, infecting his entire trial with error of
3   constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982).  Where petitioner
4   fails to establish cause, the court need not reach the prejudice prong.

5          To establish a "fundamental miscarriage of justice" resulting in the conviction of one
6   who is actually innocent, a state prisoner must establish that it is more likely than not that no
7   reasonable juror would have found him guilty beyond a reasonable doubt in light of new
8   evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

9                    **A. Application of Law to Petitioner's Claims**

10         Respondents contend that Petitioner's claims 1B, 2A, 2B, 2C, 3A, 3B, 4, 5, 6A, 6B,
11  6C, 7, 8, and 9 are procedurally defaulted and therefore barred from federal habeas review.

12         Contrary to Respondents' assertion, the Court finds that Petitioner's claim 1B – that
13  the jury improperly considered comments on petitioner's post-arrest silence – was presented to
14  the state courts in a procedurally proper manner and, therefore, the Court will consider the
15  merits of claim 1B.   The Court also finds that the record is a bit confusing with regard to
16  Petitioner's state-court presentation of his challenge to his sentence.  In view of this confusion,
17  the Court will consider the merits of Claim 7.

18                    **1. Claim 6B**

19         In Claim 6B, Petitioner argues that he received ineffective assistance of counsel on
20  direct appeal.

21         Petitioner did not raise claim 6B in the state courts either on direct appeal or during
22  post-conviction proceedings.  Accordingly, this claim is unexhausted and procedurally defaulted
23  because Petitioner cannot now return to state court to present those claims.  Generally, any claim
24  not previously presented to the Arizona courts is procedurally barred from federal review
25  because any attempt to return to state court to properly exhaust a current habeas claim would be
26  "futile."  Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir.
27  2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P.
28  32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral

proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision).  A state post-conviction action is futile where it is time barred.  See Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

Petitioner's claim 6B is procedurally defaulted because it was not raised to the Arizona Court of Appeals in a procedurally appropriate manner.  The Court will discuss whether Petitioner establishes a basis for overcoming the procedural bar below.

**2.  Claim 8**

In Claim 8 Petitioner argues that the indictment was defective.  On direct appeal, Petitioner did not raise an independent challenge to the indictment.  Rather, Petitioner argued that the evidence was insufficient to convict him of fraudulent schemes and artifices because he did not receive a benefit under the alleged scheme. (Respondents' Exh. C at 19) The appellate court rejected this claim finding that the $1,000 check was sufficient evidence of a benefit. (Respondents' Exh. D at 8-9)

On post-conviction review, Petitioner claimed that the indictment was defective because Petitioner did not receive any benefit from the alleged fraudulent scheme. (Respondents' Exh. G at 4-9, 28-29, K at 6-8, 14-15, C at 19-22) The trial court considered this claim to be the same as the claim which Petitioner presented on direct appeal and, therefore, denied it on procedural grounds. (Respondents' Exh. H at 4)

In the pending petition, Petitioner claims that the indictment was defective because he did not receive a benefit pursuant to the alleged scheme.  (docket # 1) Petitioner raises a different legal theory than argued to the appellate court.  This is insufficient to satisfy the AEDPA's fair presentation requirement.  Picard, 404 U.S. at 275-78 (stating that state prisoners must present the state courts with the same claim he urges upon the federal court.)

Moreover, Petitioner's challenge to the indictment fails on the merits.  Petitioner essentially argues that the evidence was insufficient to sustain a conviction on fraudulent schemes and artifices because he did not receive a benefit.  On direct appeal, the state court

considered the sufficiency of the evidence under state law, A.R.S. § 13-2310(A).  Pursuant to Arizona law, to sustain a conviction for fraudulent schemes and artifices, the State must prove that the defendant obtained a benefit from the transaction. Id.  Here, the appellate court found that Petitioner received a $1,000 check which represented a benefit to Petitioner even though it was made payable to Petitioner's roommate.  (Respondents' Exh. D at 8)  The court noted that Petitioner could have cashed the check himself by forging an endorsement.  Alternatively, the court noted that Petitioner dictated that the check be made payable to Mr. Valencia, thus complying with Petitioner's request conferred a benefit upon Petitioner.  (Respondents' Exh. D at 8-9)

Federal habeas relief does not lie for alleged violations of state law or procedure or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 67-68 (1991); Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994).  Moreover, Petitioner has not established that the State court's decision is based on an unreasonable determination of the facts or based on an unreasonable application of law.  Thus, Petitioner's claim fails.

### 3.  Claims 2, 3, 4, 6A, and 9

In Claim 2, Petitioner argues that the evidence was insufficient because Petitioner did not receive any benefit from the fraudulent scheme.  In Claim 3, Petitioner argues that the prosecutor introduced evidence obtained by an illegal search.  In Claim 4, Petitioner argues that a police detective perjured himself before the grand jury and at trial.  In Claim 6A, Petitioner argues that trial counsel was ineffective.  In Claim 9, Petitioner argues that newly discovered evidence establishes that Petitioner was out of town and, therefore, could not have committed the crime.

Petitioner did not present these claims to the state courts as federal constitutional claims.  Rather, to the extent he presented these claims, he alleged violations of state law. (Respondents' Exh. G at 4-9, 13, 17-19, 28-34; Exh. K at 6-10, 12-16)  Under the fair presentation requirement, it is not enough that all the facts necessary to support a federal claim were before the state courts or that a "somewhat similar" claim was raised. Baldwin, 541 U.S. at 29(finding that reference to ineffective assistance of trial counsel does not alert the court to a claim of

1    ineffective assistance of appellate counsel.) Rather, fair presentation requires that petitioner alert

2    the state court to the federal nature of his claim. Id. Here, because Petitioner did not base the

3    foregoing claims on federal law in the state court, he failed to satisfy the fair presentation

4    requirement and these claims are unexhausted and procedurally barred.

5         **4. Claim 5**

6         In Claim 5, Petitioner alleges a violation of Brady v. Maryland, 373 U.S. 83 (1963)

7    based on the alleged non-disclosure of Mark Aellig's answering machine tape. Petitioner claims

8    that he left a message on Aellig's answering machine that would have been exculpatory because

9    it established that Petitioner was in California when the crime was committed.

10        Petitioner did not present this claim in State court on direct appeal. Rather, he first

11   raised this claim on post-conviction review. He implied that the state court should consider his

12   untimely claim because the answering machine tape was newly discovered evidence. Under

13   Ariz.R.Crim.P. 32.1(e), 32.2(a)(1), post-conviction review is precluded on any ground that could

14   have been raised on direct appeal, with a few exceptions, including newly discovered evidence.

15   The trial court determined that the answering machine tape was not newly discovered, and

16   therefore, did not consider the merits of Petitioner's claim. (Respondents' Exh. H at 3) Thus, the

17   state court applied a procedural bar which precluded post-conviction review of Petitioner's claim

18   which he could have raised on direct appeal. (Respondents' Exh. G at 14-16, Exh. K at 10-12;

19   Exh. H at 3) Federal habeas review is barred where, as in this case, the state court declined to

20   address the merits of a claim based on petitioner's failure to satisfy a state procedural

21   requirement. Nunnemaker, 501 U.S. at 802-05.

22        **B. Cause and Prejudice or Fundamental Miscarriage of Justice**

23        In summary, Petitioner failed to properly present claims 2, 3, 4, 5, 6A, 6B, 6C, 8, and

24   9 to the state courts. Because Petitioner did not properly present the foregoing claims to the

25   Arizona courts, Petitioner procedurally defaulted those claims in state court. Accordingly, the

26   Court need not reach the merits of Petitioner's claims unless he can either show cause and

27   prejudice or a fundamental miscarriage of justice.

28

1   Proof of cause "ordinarily turn[s] on whether the prisoner can show that some

2   objective factor external to the defense impeded" his compliance with the state rule. Id. at 72.

3   In this case, Petitioner does not assert any basis to overcome the procedural bar.  Petitioner's *pro*

4   *se* status and ignorance of the law do not satisfy the cause standard.  Hughes v. Idaho State Bd.

5   of Corrections, 800 F.2d 905, 908 (9th Cir. 1986).  Where petitioner fails to establish cause for

6   his procedural default, the court need not consider whether petitioner has shown actual prejudice

7   resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

8   Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice.

9   Petitioner also fails to establish that failure to consider his claims would result in a

10   fundamental miscarriage of justice.  Schlup v. Delo, 513 U.S. at 327.   Accordingly, Petitioner's

11   claims 2, 3, 4, 5, 6B, 6C, 8, and 9 are procedurally defaulted and barred from review.   The

12   Court will now address the merits of claims 1A and B, 6A, and 7.

13   **III.  Standard of Review**

14   A state prisoner "whose claim was adjudicated on the merits in state court is not

15   entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." Price

16   v. Vincent, 538 U.S. 634, 638 (2003).  Thus, a state prisoner is not entitled to relief unless he

17   demonstrates that the state court's adjudication of his claim:

18   (1) resulted in a decision that was contrary to, or involved an
    unreasonable application of, clearly established Federal law, as
19   determined by the Supreme Court of the United States; or

20   (2) resulted in a decision that was based on an unreasonable
    determination of the facts in light of the evidence presented in the State
21   court proceedings.

22   28 U.S.C. § 2254(d).

23   The federal court must first determine whether the United States Supreme Court has

24   "clearly established" the law on the legal issue which Petitioner raises.  Lockyer v. Andrade, 538

25   U.S. 63, 71 (2003).  Where the U.S. Supreme Court has not yet clearly established a rule of law,

26   the writ will not issue.  Mitchell v. Esparaza, 540 U.S. 12 (2004).  Neither the district court nor

27   the Ninth Circuit possess the authority to extend the law beyond Supreme Court precedent.

28   Arrendondo v. Ortiz, 365 F.3d 778, 782 (9th Cir. 2004).

1   Under the "contrary to"clause of § 2254(d), a federal habeas court may not issue a

2   writ, unless the state court: (1) applied a rule of law "that contradicts the governing law set forth

3   in [Supreme Court] cases," or (2) "confronts a set of facts that are materially indistinguishable

4   from a decision of [the Supreme Court] and nevertheless arrives at a result different from

5   [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 411 (2000).  "It is not enough

6   that a federal habeas court, in its independent review of the legal question," is left with the "firm

7   conviction" that the state court ruling was "erroneous."  Id.; Andrade, 538 U.S. at 75.  Rather,

8   the state court decision "must be objectively unreasonable." Middleton v. McNeil, 541U.S. 433

9   (2004); Andrade, 538 U.S. at 76.  An *unreasonable* application is different from an incorrect

10  application of law. Bell v. Cone, 535 U.S. 685, 694 (2002).  Likewise, an incorrect application

11  of state law is insufficient to satisfy the standard of review.  Id.   This standard is not the same

12  as "clear error."   Andrade, 538 U.S. at 75-76.   "The gloss of clear error fails to give proper

13  deference to state courts by conflating error (even clear error) with unreasonableness." Id. at 75

14  (citations omitted).

### A.  Claim 1A and B - Post-Arrest Silence

16  Petitioner's first ground for relief contains two parts: Claim 1A: the prosecutor

17  violated Petitioner's due process rights by commenting on Petitioner's post-arrest; and Claim 1B:

18  the jury considered evidence that Petitioner had asserted his Fifth Amendment right to remain

19  silent.  Although Petitioner separates his first claim into two parts, the claims are dependent.

20  Because the Court concludes that Claim 1A fails, Claim 1B necessarily fails as well as discussed

21  below.

22  In Claim 1A, Petitioner argues that the prosecutor violated Petitioner's due process

23  rights by eliciting testimony of his post-arrest silence, and by commenting on that silence during

24  closing arguments.  In Claim 1B, Petitioner argues that the jury improperly relied on this

25  argument. Petitioner properly exhausted both aspects of Claim 1 by raising these issues on direct

26  appeal.  (Respondents' Exh. C at 10-18, Exh. L) The appellate court rejected these arguments

27  finding that: (1) no improper statement regarding Petitioner's post-arrest silence was submitted

28

1   to the jury; and (2) the prosecutor did not comment on Petitioner's post-arrest silence during

2   closing argument.  (Respondents' Exh. D at 4-8)

3          A federal court may grant habeas corpus relief if the state court decision was contrary

4   to, or rested on, an unreasonable application of, clearly established federal law as determined by

5   the United States Supreme Court.  28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at 402-13.   The

6   controlling Supreme Court precedent regarding post-arrest silence is Doyle v. Miller, 426 U.S.

7   610 (1976); Greer v. Miller, 483 U.S. 756, 761-65 (1987).   As discussed below, Petitioner fails

8   to show that the state court's decision was contrary to, or rested on an unreasonable application

9   of Doyle.  28 U.S.C. § 2254(d).

10         Contrary to Petitioner's claim, defense counsel, not the prosecutor, engaged in the

11  following exchange with Detective William Mitchell:

12         Q:   [A]nd the business cards that you referred to found in Mr. Salerno's
            truck, at some point in time or at any point in time did Mr. Salerno advise
13         you that he had a partner named Michael Johnson?

14         A: No, he did not.  He invoked his privilege to an attorney.

15  (Respondents' Exh. B, Tr. 9/17/01 at 45)  Defense counsel immediately objected to the

16  detective's response.  (Id.) After a bench conference, the trial court struck the detective's

17  response. Specifically, the court addressed the jury and stated that, "I will strike from the record

18  the last answer by the witness, so you are to disregard it.  Thank you." (Respondents' Exh. B,

19  Tr. 9/17/01 at 45) Defense counsel did not move for a mistrial based on the detective's answer.

20

21         During closing argument, defense counsel attempted to impeach the credibility of

22  witness Mark Aellig by accusing him of having committed the crime with which Petitioner was

23  charged.  (Respondents' Exh. B, Tr. 9/17/01 at 78-84)  The prosecutor responded with the

24  following argument:

25         [Defense counsel] has gotten up and tried to drag [Aellig's] name through the
            mud, making him look like some coconspirator in this case.  Let's look at his
26         motivation.  Let's look at how he reacted in this situation.  What did Mark
            Aellig do when he was contacted by police.  He cooperated.  He spoke to
27         police every time he called Detective Mitchell.

28         He talked to him on numerous occasions.  He immediately called the bank

and stopped payment on the check.  He got in touch with, you know, the people who were involved here.  He halted his activities at the other store and didn't proceed even though some would argue that he could have said, I have no idea. I paid $1,000.  That's Tosco's problem or Abco's problem.

(Id. at 89-90)  On direct review, the Arizona Court of Appeals found that the prosecutor's argument did not constitute a comment on Petitioner's post-arrest silence.  Rather, the court found that:

> [Petitioner] is simply incorrect in calling these remarks a comment on [his] silence.  All the prosecutor was doing was repeating evidence that had been presented at trial and that suggested that Mr. Aellig was a credible witness.  This was proper argument designed to rebut defense counsel's assertion that Mr. Aellig was the perpetrator[,] and in no way could be construed by any reasonable juror as a comment on [Petitioner's] post-arrest silence.

(Respondents' Exh. D at 7) The state court's factual determination is "presumed to be correct" on federal habeas review.  Petitioner can overcome that presumption only by "rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Bean v. Calderon, 163 F.3d 1073, 1087 n. 3 (9th Cir. 1998).  In his case, Petitioner has not presented "clear and convincing evidence" to rebut this presumption.  Additionally, the record supports the state court's determination that the prosecutor did not comment on Petitioner's post-arrest silence. (Respondents' Exh. B at 78-90)

On direct appeal, the court determined that Miller, 438 U.S. at 759, was dispositive of Petitioner's claim.  (Respondents' Exh. D at 5-6) In Miller, the prosecutor asked an improper question regarding defendant's post-arrest silence.  Defense counsel timely objected and moved for a mistrial.  483 U.S. at 759.  The trial court denied the motion for mistrial, but sustained the objection and instructed the jury to "ignore [the] question, for the time being."  Id.  The trial court later instructed the jury to "disregard questions - to which objections were sustained."  Id. Because the single reference to defendant's post-arrest silence was stricken, the United States Supreme Court found that "it was not submitted to the jury as evidence from which it was allowed to draw any permissible inference, and thus, no Doyle violation occurred in this case." Id. at 764-65.

1    In this case, defense counsel, not the prosecutor, inadvertently elicited the challenged

2   statement regarding Petitioner's silence.   (Respondents' Exh. B at 45) Defense counsel

3   immediately objected to Detective Mitchell's comment and the trial court sustained the objection.

4   (Id.) The trial court struck the unresponsive answer and instructed the jury to disregard it.  The

5   trial court later instructed the jury to disregard questions the answer to which objections were

6   sustained, and not to consider any testimony that was stricken from the record.  (Respondents'

7   Exh. B at 93) Based on these facts, the Arizona Court of Appeals, relying on Miller, found that

8   "the improper statement was never submitted to the jury and,  therefore, there was no Doyle

9   violation."  (Respondents' Exh. D at 6) Petitioner fails to establish that this determination is

10   contrary to, or rests on an unreasonable application of, Doyle, or that the State court made an

11   unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Therefore, the Court finds that

12   Claims 1A and 1B fail on the merits.

13    **B.  Claim 6A**

14    In Claim 6A, Petitioner argues that trial counsel rendered ineffective assistance

15   because (1) the trial only lasted three hours; (2) defense counsel's opening statement was only

16   thirty seconds; (3) defense counsel did not question any witness for longer than five minutes; (4)

17   defense counsel's closing argument was six minutes; (5) defense counsel did not interview the

18   State's witnesses until the day of trial; (6) defense counsel did not call or interview any defense

19   witnesses; and (7) various other issues.  (docket # 1 at 57-61)

20    Petitioner did not raise a federal claim of ineffective assistance of counsel to the state

21   courts until his reply brief on post-conviction review.  (Respondents' Exh. G at 17-19; Exh. K

22   at 12-13) An issue raised for the first time in a reply brief is not properly raised under Arizona

23   law.  Ariz.R.Crim.P. 31.13(c)(3)(stating that a reply brief "shall be confined to a response to

24   questions of law or fact raised by the appellee's brief."); State v. Cohen, 191 Ariz. 471, 957 P.2d

25   1014 (Ariz.Ct.App. 1998)(stating that an appellate court can "disregard substantive issues raised

26   for the first time in the reply brief.") The Arizona Court of Appeals did not consider any federal

27   issues in denying post-conviction relief.  (Respondents' Exh. H at 3) Accordingly, Petitioner's

28

1  claim of ineffective assistance of counsel is procedurally defaulted.  The Court, however, will

2  consider the merits of Petitioner's claim in an abundance of caution.

3          **1.  Legal Standard**

4          To demonstrate ineffective assistance of counsel, a petitioner must satisfy the test

5  articulated in Strickland v. Washington, 466 U.S. 668 (1984).  Hart v. Gomez, 174 F.3d 1067,

6  1069 (9th Cir. 1999).  Under Strickland, a petitioner must show that counsel's performance was

7  objectively deficient and that counsel's deficient performance prejudiced the petitioner. 466 U.S.

8  at 687; Hart, 174 F.3d at 1069.  To be deficient, counsel's performance must be "outside the

9  wide range of professionally competent assistance."  Strickland, 466 U.S. at 690. When

10  reviewing counsel's performance, the court engages a strong presumption that counsel rendered

11  adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at

12  690.  "A fair assessment of attorney performance requires that every effort be made to eliminate

13  the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

14  conduct, and to evaluate the conduct from counsel's perspective at the time."  Bonin v. Calderon,

15  59 F.3d 815, 833 (9th Cir. 1995).  Review of counsel's performance is "extremely limited."

16  Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141

17  (1998).

18          Acts or omissions that "might be considered sound trial strategy" do not constitute

19  ineffective assistance of counsel.  Strickland, 466 U.S. at 689.   Trial counsel's decisions

20  regarding "whether to call specific witnesses - even ones that might offer exculpatory evidence -

21  is ordinarily not viewed as a lapse in professional representation."  United States v. Best, 219

22  F.3d 192, 201 (2nd Cir. 2000).

23          In addition to showing that counsel's performance was deficient, to prevail on a claim

24  of ineffective assistance, petitioner must establish that he suffered prejudice as a result of

25  counsel's deficient performance.  Strickland, 466 U.S. at 691-92. To show prejudice, petitioner

26  must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the

27  result of the proceeding would have been different.  A reasonable probability is a probability

28  sufficient to undermine confidence in the outcome."  Id. at 694; Hart, 174 F.3d at 1069; Ortiz v.

Stewart, 149 F.3d 923, 934 (9th Cir. 1999).    The Court may proceed directly to the prejudice prong.  Jackson v. Calderon, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing Strickland, 466 U.S. at 697).  The court, however, may not assume prejudice solely from counsel's allegedly deficient performance.  211 F.3d at 1155.

In this case, Petitioner alleges that counsel was ineffective in failing to adequately prepare for trial; failing to locate, interview and call witnesses; and failing to defend Petitioner. (docket # 1 at 56-61)   Petitioner raised these claims to the trial court  based on state law.  The state court found that Petitioner merely asserted unsupported allegations based on speculation and failed to raise a colorable claim of ineffective assistance of counsel.  (Respondents' Exh. H at 3)  The trial court also found that Petitioner failed to satisfy the prejudice prong of the Strickland test.

(Id.)   Petitioner fails to establish that the state court decision is contrary to, or rests on an unreasonable application of, state law.  28 U.S.C. § 2254(d).

Petitioner's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)  Petitioner does not provide support for his alleges regarding the additional information counsel which counsel might have obtained through additional investigation. Wade v. Calderon, 29 F.3d 1312, 1316-17 (9th Cir. 1994)(rejecting claim of ineffective assistance where petitioner failed to provide support for allegation that counsel failed to investigate).  Similarly, although Petitioner claims that counsel failed to interview additional witnesses, he fails to describe the nature of the testimony those alleged witnesses would have given.  United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1989)(stating that claims that counsel failed to locate or interview witnesses must be accompanied by a showing of what the witnesses would say and how it would change the outcome.)  Petitioner's unsupported, conclusory allegations are not sufficient to support a claim for § 2254 relief. Because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's representation is inconsequential.  Hill v. Lockhart, 474 U.S. 52, 60 (1985).

1

### C.  Claim 7- Unconstitutional Sentence

2         In Claim 7, Petitioner argues that his sentence is unconstitutional.  Petitioner raised

3 this claim to the state courts in a state petition for post-conviction relief.  (docket # 30, Exh. J;

4 docket # 49) The trial court dismissed the petition finding that Petitioner should have raised this

5 claim in his prior petition for post-conviction relief, and, therefore it was procedurally barred.

6 (Id.)

7 It also appears that on July 2, 2004, Petitioner filed a second notice of post-conviction relief

8 challenging his sentence under Blakely v. Washington, 542 U.S. 961 (2004).  (docket # 30, Exh.

9 L) In Blakely, the Supreme Court held that a defendant is entitled to a jury's determination of any

10 fact that increases the penalty for a crime beyond the prescribed statutory maximum.  Id.  On

11 July 29, 2004, the trial court denied the petition as untimely and further found that Blakely did

12 not apply retroactively to Petitioner's case which was final in 2003 before Blakely was decided

13 the following year.  (Id.)   On August 23, 2004, the trial court denied rehearing and on July 12,

14 2005, the Court of Appeals denied review.  (Id.)

15         The State court correctly determined that Blakely did not apply retroactively to

16 Petitioner's conviction which was final.  Schriro v. Summerlin, 542 U.S. 348. (2004).

17 **VI.  Conclusion**

18         In summary, Petitioner's claims fail as procedurally defaulted or on the merits.

19         In accordance with the foregoing,

20         IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

21 Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

22         This recommendation is not an order that is immediately appealable to the Ninth

23 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

24 Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties

25 shall have ten days from the date of service of a copy of this recommendation within which to

26 file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),

27 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a

28 response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and

1  Recommendation may result in the acceptance of the Report and Recommendation by the

2  District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121

3  (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate

4  Judge will be considered a waiver of a party's right to appellate review of the findings of fact in

5  an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,

6  Federal Rules of Civil Procedure.

7           DATED this 27th day of September, 2006.

8

9

10  _____

11                    Lawrence O. Anderson
                 United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28