IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fox Salerno,<br><br>　　　　Petitioner,<br><br>v.<br><br>Dora B. Schriro,<br><br>　　　　Respondent. | No. CV 05-976-PHX-ROS<br><br>**ORDER** |

　　　　On April 1, 2005, Plaintiff filed a pro se Petition for Writ of Habeas Corpus (Doc. #1). On September 27, 2006, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that the petition be denied (Doc. #55). Petitioner filed his Objections on October 11, 2006.

　　　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1126 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'").

1   Petitioner reiterates his nine claims contained within his petition. He first argues that
2   the Magistrate Judge improperly concluded that claims 2, 3, 4, 5, 6, 8, and 9 were
3   procedurally defaulted. Reviewing Plaintiff's claims de novo, the Court concludes that for
4   the reasons state in the R&R, those claims are indeed procedurally defaulted and therefore
5   barred from federal habeas review.

6   Second, Petitioner argues that the Magistrate Judge erred in concluding that
7   Petitioner's claim 1 (improper post-arrest silence by prosecutor), claim 6 (ineffective
8   assistance of counsel) failed on the merits. For the reasons stated in the R&R, the Court
9   concludes that those claims do indeed fail on the merits.

10   Finally, Petitioner argues that the Magistrate Judge erred in concluding that
11   Petitioner's claim 7 failed on the merits. Petitioner also filed a Notice RE: Change of Law
12   (Doc. #57), stating that Cunningham v. California, 127 S.Ct. 856, 881 (U.S.Cal. 2007) makes
13   his sentence unconstitutional. He argues that Cunningham should be applied retroactively.
14   Although the retroactivity of Cunningham has not yet been addressed in the Ninth Circuit,
15   because Cunningham relies heavily on the new procedural rule announced in Blakely v.
16   Washington, 542 U.S. 296 (2004), and because the Ninth Circuit has already decided that
17   Blakely is not retroactive, then Cunningham is also not retroactive. For this reason, and
18   those reasons stated in the R&R, Petitioner's Claim 7 also fails on the merits.

19   Accordingly,

20   **IT IS ORDERED THAT** the R&R (Doc. #55) is **ADOPTED IN FULL**.

21   **IT IS FURTHER ORDERED THAT** Petitioner's Petition for Writ of Habeas
22   Corpus (Doc. #1) is **DENIED**.

23   **IT IS FURTHER ORDERED THAT** Petitioner's Motions for Ruling (Doc. #58, 59)
24   are **DENIED AS MOOT**.

25   DATED this 24th day of July, 2007.

Roslyn O. Silver
United States District Judge